UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW T. WROSCH,
By JASON DYE, Next Friend,

    Petitioner,

v.

SHELDON NEELEY, *et al.*,

    Respondents,

_____/

Case No. 2:25-cv-11947
Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

This matter is before this Court on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. *See generally* ECF No. 1. The petition is being filed by a Jason Dye on behalf of Matthew T. Wrosch, against Respondents the City of Flint, Mayor Sheldon Neeley, Council Woman Judy Priestley, the Flint Police Department, the Genesee County Jail, and ten separate John Doe officers ("Respondents"). *Id.* at PageID.1. Dye alleges that Wrosch was unlawfully arrested, detained, and jailed by Respondents. *Id.* He brings this petition on behalf of Wrosch, who is currently residing at a private residence in Flushing, Michigan. ECF No. 1-1, PageID.5. For the reasons that follow, the petition for writ of habeas corpus is **SUMMARILY DENIED**.

1

## I.

The petition alleges that on an unknown date, Mr. Wrosch attended a public meeting and was arrested for disorderly conduct or disturbing the peace. ECF No. 1, PageID.2. Mr. Wrosch was handcuffed, transported, and detained at the Genesee County Jail for six to eight hours. *Id.* The petition alleges that the Respondents should have issued Wrosch an on-site citation rather than arresting him. *Id.* at PageID.3. As a result, the petition claims that the arrest violated Mr. Wrosch's First, Fourth, and Eighth Amendment rights. *Id.* The petition does not indicate that Mr. Wrosch has been charged with a crime or that he is currently the subject of any pending prosecution. In fact, the petition acknowledges that Mr. Wrosch has been released from custody but alleges that he is in danger of a future "potential prosecution." *Id.* The petition seeks expungement of Mr. Wrosch's arrest and jail records. *Id.*

## II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the

petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (a federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See, e.g.*, *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (additional citations omitted).

## III.

Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal and should be dismissed for two reasons: (1) lack of standing and (2) lack of federal habeas jurisdiction.

### A. STANDING

Mr. Dye brings this petition on behalf of Mr. Wrosch as "Next Friend and Constitutional Advocate." ECF No. 1, PageID.1, 2, 4. While true, an application for a writ of habeas corpus may be filed by one person on behalf of another, "next

3

friend" status will not be granted automatically. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Whitmore*, 495 U.S. at 163. First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* Where a habeas petitioner seeks to proceed as the next friend, the burden is upon the petitioner to establish the propriety of his or her status to justify standing to proceed. *See Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).

Here, Mr. Dye is not permitted to maintain a "next friend" action on behalf of Mr. Wrosch because he fails to allege or present evidence that Mr. Wrosch is incompetent or incapable of bringing a habeas petition on his own behalf. And while he states that he is acting as a "Constitutional Advocate," the Court finds that insufficient to show that he is truly dedicated to Mr. Wrosch's interests. *See Tate v. United States*, 72 F. App'x 265, 267 (6th Cir. 2003) (affirming dismissal of habeas petition by mother and friend of petitioner because they failed to demonstrate they

4

were "truly dedicated to [his] best interests."). Accordingly, he lacks standing to file this petition.

## B.     FEDERAL HABEAS JURISDICTION

Even if Mr. Dye could proceed as Mr. Wrosch's "next friend," Mr. Wrosch would nonetheless not be entitled to habeas relief, because there are no criminal charges pending against him in the state courts. The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989). This Court does not have the authority to review the constitutionality of Mr. Wrosch's arrest under habeas relief because he has neither been charged or convicted of any crime. *See also Elliott v. Cochise Cnty.,* 212 F. App'x 677, 678 (9th Cir. 2006) (holding that to the extent arrestee's complaint, in § 1983 action alleging, among other things, false arrest under Arizona law, sought habeas corpus relief, complaint failed to state a claim; complainant was not in custody at time of filing); *United States ex. rel. Kilheffer v. Plowfield,* 409 F. Supp. 677, 679 (E.D. Pa. 1977) (where state failed to pursue disorderly conduct charge against a habeas petitioner, habeas claim that the arrest for this charge violated the constitution would not sustain federal habeas jurisdiction, because petitioner was not "in custody" as a consequence of any violation of his

5

federal constitutional rights). Accordingly, the Court lacks habeas jurisdiction to hear these claims.

Because Mr. Dye lacks standing as next of friend and Mr. Wrosch's claims are not subject to federal habeas review, the Court summarily dismisses the petition for writ of habeas corpus.

## IV.

Having found the petition should be summarily dismissed, the Court declines to issue a certificate of appealability. Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should generally issue, and an appeal of the district court's order may be taken. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (citation omitted). "The district court must issue or deny a certificate

of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted or that Mr. Dye lacks standing as next of friend to bring this petition. *See Carpenter v. King*, No. 24-1587, 2024 WL 5319080 (6th Cir. Dec. 5, 2024). Therefore, the Court will deny a certificate of appealability.

The Court further denies leave to appeal *in forma pauperis,* because any appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### V.

Accordingly, **IT IS HEREBY ORDERED** that the habeas petition is **SUMMARILY DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability or leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

Dated: July 21, 2025                    s/Brandy R. McMillion
                                                    HON. BRANDY R. MCMILLION
                                                    UNITED STATES DISTRICT JUDGE